1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BRADY HOWARD,

                Plaintiff,

    v.

STATE OF WASHINGTON,
WASHINGTON STATE PATROL,
DEPARTMENT OF CORRECTIONS, and
GRANT COUNTY SHERIFF'S OFFICE,

                Defendants.

No. 11-5856 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Upon review of Plaintiff's complaint (ECF No. 5), the Court finds that the complaint is deficient and declines to serve it.  Plaintiff is advised and ordered as follows:

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges that between January 1 and 15, 2011, he discovered that the Grant County Sheriff's office falsely and inaccurately published on its Sex Offender Registry Notification Website that Plaintiff had been twice convicted of rape of a child, convicted of

ORDER TO AMEND OR SHOW CAUSE- 2

forcible compulsion, that he had raped his sister, and that he had been convicted of sexually

motivated felony domestic violence.  This information was also posted by the Washington State

Patrol and the Department of Corrections.   Plaintiff contends, however, that he registers under

one count only, "Sno.Co. Cause #94-1-01067-5", which is not by forcible compulsion and does

not include a family member or relative.  ECF No. 5 at 3-4.  Plaintiff claims that because of the

false information that was published about him, his car was stolen, he was kidnapped, brutally

beaten and forcibly injected with acid corrosive powder, and the address where he registered was

burglarized. *Id.* at 4.

      Plaintiff seeks to be relieved of his duty to register as a sex offender and to be removed

from the state and all public registries.  He also seeks monetary damages. *Id.*  A few weeks

prior to filing his complaint in this court, Plaintiff filed a motion in his criminal case (Snohomish

County Superior Court Case No. 94-1-01067-5) seeking to be relieved of his duty to register. *Id.*

at 29.

      To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct

complained of was committed by a person acting under color of state law and that the conduct

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels*

*v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged

wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th

Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

**A.**     **Claim for Libel/False Statements**

      To the extent Plaintiff seeks to pursue a civil rights complaint in this Court for the

publication of allegedly false statements about his criminal history, libel is a state law claim,

ORDER TO AMEND OR SHOW CAUSE- 3

1   rather than a claim under federal law.  *See, e.g., Hollister v. Turtle,* 210 F.3d 1033, 1036 (9th Cir.

2   2000) (no civil rights action for slander); *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155 (1976)

3   ("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's

4   reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due

5   Process Clause").  *Johnson v. Barker,* 788 F.2d 1396, 1399 (9th Cir. 1986).   Therefore, it appears

6   that if Plaintiff has a claim for relief, it would must be pursued in the state courts.

7

8   **B.   Duty to Register as Sex Offender**

9           To the extent Plaintiff seeks relief from his duty to register as a sex offender, a civil rights

10   complaint may not be the appropriate avenue for relief.  It is not clear from Plaintiff's complaint

11   whether he seeks to challenge his designation as a sex offender (or level of designation) or

12   whether he seeks to challenge the condition of registering as a sex offender.  A fair reading of the

13   complaint and documents attached to the complaint lead the Court to conclude that Plaintiff

14   seeks to challenge both.

15           It is well-established that when a state prisoner challenges the legality or duration of his

16   confinement, or raises constitutional challenges that could entitle him to earlier release, his

17   exclusive federal remedy is a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 481, 114

18   S.Ct. 2364, 129 L.Ed.2d 383 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct.

19   1827, 36 L.Ed.2d 439 (1973)); see also *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242

20   (2004.  The Supreme Court has emphasized that only habeas corpus jurisdiction is available to

21   those attempting to "invalidate the duration of their confinement—either directly through an

22   injunction compelling speedier release or indirectly through a judicial determination that

23   necessarily implies the unlawfulness of the State's custody." *Dotson*, 544 U.S. at 81.  "[A] state

24   prisoner's § 1983 action is barred ... no matter the relief sought (damages or equitable relief), no

25

26

ORDER TO AMEND OR SHOW CAUSE- 4

matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81–82.

Plaintiff indicates that he is incarcerated at the Washington State Penitentiary in Walla Walla, Washington. ECF NO. 1. However, it is unclear whether his incarceration is the result of the violation of the parole conditions he complains of here. If so, Plaintiff's challenge will result in a judgment that necessarily implies the invalidity of his conviction or sentence. For that reason, a habeas petition would be the only means available for Plaintiff's constitutional challenge to his conditions of parole, and his § 1983 Complaint would be dismissed. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–83, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

In that regard, it appears that Plaintiff is already pursuing his state court remedies. Attached to Plaintiff's complaint is a "Motion/Petition for Relief from Duty Pursuant to RCW

ORDER TO AMEND OR SHOW CAUSE- 5

9A.44.142" which appears to have been filed by Plaintiff on September 22, 2011, in the Superior Court of the State of Washington for Snohomish County, Cause No. 94-1-01067-5, *State of Washington v. Christopher Brady Howard*.  In this motion, Plaintiff seeks relief identical to that sought here, *i.e.,* to be relieved from his duty to register as a sex offender or, in the alternative, to have his sex offender level be reduced from a level III to a Level I.  ECF No. 5 at 29.

It appears that the appropriate course of action is for Plaintiff to continue the challenge to his sex offender status in state court.  After he has filed a direct appeal, personal restraint petition, and exhausted his claims through the state process, he may file a petition for writ of habeas corpus in this court.

**C.     Parties**

If Plaintiff believes that he has a claim under 42 U.S.C. § 1983 and wishes to amend his complaint, he must allege that the conduct he complains of was committed by a person acting under color of state law.  Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law.  A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity.  *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a federal constitutional right.  Entities such as the "Department of Corrections" and the "Washington State Patrol" are not "persons" for purposes of a section 1983 civil rights action.  Instead, Plaintiff must name the *individuals* who caused him harm.

Also, the State of Washington is also not a proper party because it is well-established that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't*

ORDER TO AMEND OR SHOW CAUSE- 6

1    *of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir.

2    1996).  Accordingly, Plaintiff may not sue Washington State in this Court.  Similarly, a suit

3    against a state official in his or her official capacity is not a suit against the official but rather is a

4    suit against the official's office and thus the state.  *Will v. Mich. Dep't of State*, 491 U.S. at 71.

5          Plaintiff also purports to sue the "Grant County Sheriff's Office."  Here again, Plaintiff

6    cannot name an entire office.  He must allege in specific terms how **individuals** within the

7    sheriff's office deprived him of his rights.  There can be no liability under 42 U.S.C. § 1983

8    unless there is some affirmative link or connection between a defendant's actions and the

9    claimed deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976);

10   *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

11   Cir.1978).  However, if Plaintiff seeks to sue Grant County Sheriff's Office because he claims a

12   policy or policies of the office violated his constitutional rights, then he must show that (1) he

13   was deprived of a constitutional right; (2) the county has a policy; (3) the policy amounts to

14   deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force

15   behind the constitutional violation.  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992).  The

16   unconstitutional acts of a government agent cannot, standing alone, lead to liability against a

17   county; further, there is no respondeat superior liability under § 1983.  *Monell v. New York City*

18   *Dept. of Social Services*, 436 U.S. 658, 692 (1978).  A county may only be liable where its

19   policies are the "'moving force [behind] the constitutional violation.'"  *City of Canton v. Harris*,

20   489 U.S. 378, 389, (1989) (*quoting Monell* at 694); *Ortez v. Washington County*, 88 F.3d 804

21   (9th Cir.1996).

22         Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

23   may file an amended complaint curing, if possible, the above noted deficiencies, or show cause

explaining why this matter should not be dismissed no later than **December 30, 2011.**   If

Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

1983, his amended complaint shall consist of a short and plain statement showing that he is

entitled to relief, and he must allege with specificity the following:

> 1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

> 2)    the dates on which the conduct of each defendant allegedly took place; and

> 3)    the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs.  The

amended complaint shall operate as a complete substitute for (rather than a mere supplement to)

the present complaint.  Plaintiff shall present his complaint on the form provided by the Court.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an

original and not a copy, it may not incorporate any part of the original complaint by reference,

and it must be clearly labeled the "Amended Complaint" in the caption.  Additionally, Plaintiff

must submit a copy of the "Amended Complaint" for service on each named defendant.

Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to

adequately address the issues raised herein on or before **December 30, 2011**, the Court will

recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal

will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted

April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed

on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from

bringing any other civil action or appeal in forma pauperis "unless the prisoner is under

imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **The Clerk is directed to**

ORDER TO AMEND OR SHOW CAUSE- 8

**send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

DATED this  30th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9