UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BRADY HOWARD,

                Plaintiff,

   v.

STATE OF WASHINGTON,
WASHINGTON STATE PATROL,
DEPARTMENT OF CORRECTIONS, and,
GRANT COUNTY SHERIFF'S OFFICE,

                Defendants.

No. C11-5856 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 30, 2012**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

Plaintiff filed his complaint and application to proceed *in forma pauperis* in this matter on October 14, 2011. ECF No. 1. On November 18, 2011, the Plaintiff was granted leave to proceed *informa pauperis* and the Clerk docketed his civil rights complaint. ECF Nos. 4 and 5. Upon review of the complaint, however, the Court found several deficiencies and declined to serve the complaint. The Court ordered Plaintiff to amend his complaint or to show cause why the complaint should not be dismissed for failure to state a claim. ECF No. 8. That Order was mailed to Plaintiff at his last known address at the Washington State Penitentiary in Walla Walla,

REPORT AND RECOMMENDATION - 1

Washington. *Id.* The mail was returned to the Court on December 12, 2011 as undeliverable "returned as not at WSP or at the forwarding address in Everett". *See* Clerk's notation at ECF No. 9.

Plaintiff has not notified the court of his current address. Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 30, 2012**, as noted in the caption.

**DATED** this  9th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2